UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF NORTH CAROLINA

---

Louisiana-Pacific Corporation and
Louisiana-Pacific Canada Ltd.,

Court File No. 1:12-cv-625

Plaintiffs,

v.

**Motion for Leave to File
Complaint Under Seal**

Akzo Nobel Coatings, Inc., Akzo Nobel
Coatings, Ltd, and John Does 1-10,

Defendants.

---

# EXHIBIT A

# FILED UNDER SEAL

<u>LOUISIANA PACIFIC / AKZO NOBEL CONFIDENTIALITY AGREEMENT</u>
<u>GOVERNING PAINT CLAIM INFORMATION</u>

1.  The Parties

    (a)     The parties bound by this Confidentiality Agreement Governing Paint

Claim Information ("Agreement") are:

            (i.)    Louisiana Pacific Ltd. and Louisiana Pacific Corporation, on
                    behalf of themselves, their parent corporations, subsidiaries,
                    affiliates, attorneys, agents, employees, officers and directors
                    (collectively "LP"); and

            (ii.)   Akzo Nobel Coatings, Ltd. and Akzo Nobel Coatings, Inc. on
                    behalf of themselves, their parent corporations, subsidiaries,
                    affiliates, attorneys, agents, employees, officers and directors
                    (collectively, "Akzo");

    (b)     LP and Akzo are collectively referred to herein as the "Parties" and are

referred to in the singular as "Party."

2.  Purpose and Scope

        LP has submitted a claim to Akzo for reimbursement of expenses LP has and

expects to incur in the future for claims it has received from consumers for problems

associated with the finish on Canexel siding products ("LP's Claim") as well as other

damages claimed by LP, including but not limited to, damage to its brand and the loss of

business.

        Akzo has acknowledged receipt of LP's Claim, has reserved all of its rights,

remedies and defenses, and has requested access to documents and other information

related to LP's Claim. In turn, LP has requested access to documents and other

information maintained by Akzo. These requests include access to confidential

information related to the development, testing, marketing, quality control, and claims

history of LP and Akzo's respective products. These documents and other information may contain trade secrets, attorney work product and other confidential and privileged information.

LP has provided and will continue to provide Akzo with access to documents and information on a confidential basis while the parties attempt to reach an out-of-court resolution of LP's Claim. Akzo will provide LP with access to documents and information on a confidential basis while the parties attempt to reach an out-of-court resolution of LP's Claim. Subject to the limited exceptions identified in ¶3 below, this information is not to be disclosed by LP or Akzo, and/or any expert or consultant retained by them or their counsel in connection with LP's Claim, to any other individual or entity including, but not limited to, the Parties' competitors, their legal adversaries and/or their legal adversaries' counsel.

This Agreement is not intended to alter the terms, conditions and/or exclusions of any contract and /or agreement existing between LP and Akzo, but rather is expressly limited in scope to have the effect of maintaining the confidentiality of the information and materials disclosed between LP and Akzo in their effort to resolve LP's Claim.

3.  Confidential Material

For the purposes of this Agreement, Confidential Material shall include: any information provided by either LP or Akzo as part of the exchange of information related to LP's Claim, regardless of the format in which the information is produced (hard copy or electronic). The Parties agree that Confidential Material will not include any document or information that is publicly available or obtained from any source other than the Parties.

<u>LOUISIANA PACIFIC / AKZO NOBEL CONFIDENTIALITY AGREEMENT</u>
<u>GOVERNING PAINT CLAIM INFORMATION</u>
2

LP and Akzo agree to treat Confidential Material in accordance with the following conditions:

    (a)  No Confidential Material provided to either Party in connection with LP's Claim will be copied, shown to or otherwise revealed to any third person or other entity, other than the Party's insurer, expert or consultant retained by them or their counsel in connection with LP's Claim, without obtaining the producing party's express written consent to any such disclosure prior to any such disclosure, and the execution of a copy of this Agreement by each and every such third party or other entity.

    (b)  No disclosure whatsoever of any Confidential Material provided to LP or Akzo will be permitted to be made to any third person or other entity, nor will LP and/or Akzo permit any Confidential Material to be seen, reviewed, copied, produced or otherwise made known to any person or persons who have not agreed to and executed a copy of this Agreement in advance of any such disclosure.

    (c)  Notwithstanding Section 3(a) and (b) above, absent a written agreement to the contrary, disclosure of information relating to LP's Claim may be made only under the following limited circumstances:

        (i)  to the extent necessary to secure payment from insurers or reinsurers;

        (ii)  to the extent necessary for communication with auditors retained by any of the parties hereto, or with federal, state or other governmental regulators;

LOUISIANA PACIFIC / AKZO NOBEL CONFIDENTIALITY AGREEMENT
GOVERNING PAINT CLAIM INFORMATION

3

(iii) to the extent necessary to comply with an order from any court, arbitration panel or tribunal; or

(iv) to the extent necessary to obtain expert advice or an expert opinion; provided, however, the retained expert or consultant must execute a copy of this Agreement.

(d) Any and all copies of Confidential Material provided to Akzo, other than notes prepared by or on behalf of Akzo regarding such written material, will be returned to the Larson • King, LLP law firm within fourteen (14) days after the Parties have fully and finally resolved LP's Claim. Any and all notes prepared by or on behalf of Akzo that refer to or reflect Confidential Material will be maintained in a manner necessary to protect the confidential nature of the Confidential Material until any and all such information is destroyed. In the event of the destruction, written notification of the occasion and method of destruction will be supplied to LP.

(e) Any and all copies of Confidential Material provided to LP, other than notes prepared by or on behalf of LP regarding such written material, will be returned to the Stewart McKelvey law firm within fourteen (14) days after the Parties have fully and finally resolved LP's Claim. Any and all notes prepared by or on behalf of LP that refer to or reflect Confidential Material will be maintained in a manner necessary to protect the confidential nature of the Confidential Material until any and all such information is destroyed. In the event of the destruction, written

LOUISIANA PACIFIC / AKZO NOBEL CONFIDENTIALITY AGREEMENT
GOVERNING PAINT CLAIM INFORMATION
4

notification of the occasion and method of destruction will be supplied to Akzo.

(f) Any and all copies of Confidential Material provided by LP and/or Akzo to any third party in accordance with the terms of this Agreement, and any notes which refer, reflect or relate to Confidential Material, will be returned to LP and/or Akzo in accordance with ¶¶ 3(d) and 3(e) above.

(g) The Parties agree that all objections or arguments about relevance or admissibility of the materials produced in reference to LP's Claim are preserved. Subject to those objections, the Parties shall be permitted to rely on Confidential Material in any legal proceeding to resolve any dispute between the Parties regarding LP's Claim, however, the use of any Confidential Material in any such proceeding will be subject to an order issued by the court or tribunal charged with the resolution of any such dispute, protecting, to the maximum extent permissible, the confidentiality of any and all such Confidential Material. The parties agree to jointly petition the court or tribunal to seek entry of such a confidentiality order.

4. **Unauthorized Disclosure**

In the event of an alleged unauthorized disclosure of Confidential Material, the Parties may seek relief, including but not limited to injunctive relief, from a U.S. court or any court of competent jurisdiction.

5. **Miscellaneous Provisions**

(a) Controlling Law – This Agreement shall be construed, interpreted and applied according to the laws of Nova Scotia.

LOUISIANA PACIFIC / AKZO NOBEL CONFIDENTIALITY AGREEMENT
GOVERNING PAINT CLAIM INFORMATION

5

(b)     Modification – This Agreement may be modified or amended only by written agreement of the Parties.

(c)     Execution – This Agreement may be signed in one or more counterparts, each of which will be deemed an original. This Agreement may be executed by the Parties and transmitted by facsimile or e-mail and if so executed and transmitted this Agreement will be for all purposes effective as if the parties had delivered an executed original Agreement.

(d)     Drafting – This Agreement shall be deemed as mutually drafted by the Parties.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed by their duly authorized representatives.

DATED: 8-16-11

Louisiana Pacific Canada Ltd.
By: _____
Printed Name: Mark A. Fuchs
Title: Assistant Secretary

DATED: 8-16-11

Louisiana Pacific Corporation
By: _____
Printed Name: Mark A. Fuchs
Title: VP General Counsel + Corp. Sec

LOUISIANA PACIFIC / AKZO NOBEL CONFIDENTIALITY AGREEMENT
GOVERNING PAINT CLAIM INFORMATION

6

DATED: August 16, 2011

Akzo Nobel Coatings, Ltd.

By: _____

Printed Name: _Marhue Bazinet_

Title: _Secretary_

DATED: Aug 16, 2011

Akzo Nobel Coatings, Inc.

By: _____

Printed Name: _Charles S.K. Scudder_

Title: _Vice President & Secretary_

Lk1312702

Case 1:12-cv-00625-WO-JLW    Document 5    Filed 07/05/12    Page 8 of 9

For Individuals:

       I agree that I shall make no disclosure of Confidential Materials, except as permitted by this Agreement.

DATED: _____      By: _____

                                                 _____

                                               Name (Print)

                                               _____

                                               Organization