| | |
|---|---|
| Louisiana-Pacific Corporation and Louisiana-Pacific Canada Ltd., | Court File No. 1:12-cv-625 |
| Plaintiffs, | |
| v. | **Motion for Leave to File Complaint Under Seal** |
| Akzo Nobel Coatings, Inc., Akzo Nobel Coatings, Ltd, and John Does 1-10, | |
| Defendants. | |

# EXHIBIT B

# FILED UNDER SEAL

<u>LOUISIANA PACIFIC / AKZONOBEL "COUNSEL'S EYES ONLY"</u>
<u>CONFIDENTIALITY AGREEMENT</u>
<u>GOVERNING PAINT CLAIM INFORMATION</u>

### 1. The Parties

(a)     The parties bound by this Counsel's Eyes Only Confidentiality Agreement Governing Paint Claim Information ("Agreement") are:

(i)     Louisiana Pacific Ltd. and Louisiana Pacific Corporation, on behalf of themselves, their parent corporations, subsidiaries, affiliates, attorneys, agents, employees, officers and directors (collectively "LP"); and

(ii)     Akzo Nobel Coatings, Ltd. and Akzo Nobel Coatings, Inc. on behalf of themselves, their parent corporations, subsidiaries, affiliates, attorneys, agents, employees, officers and directors (collectively, "Akzo");

(b)     LP and Akzo are collectively referred to herein as the "Parties" and are referred to in the singular as "Party,"

(c)     This Agreement is a supplement to and does not replace the Confidentiality Agreement executed by the Parties on August 16, 2011, which Agreement remains in full force and effect.

### 2. Purpose and Scope

LP has submitted a claim to Akzo for reimbursement of expenses LP has and expects to incur in the future for claims it has received from consumers for problems associated with the finish on Canexel siding products ("LP's Claim") as well as other damages claimed by LP, including but not limited to, damage to its brand and the loss of business.

Akzo has acknowledged receipt of LP's Claim, has reserved all of its rights, remedies and defenses, and has requested access to documents and other information

2411125.v2

related to LP's Claim. In turn, LP has requested access to documents and other information maintained by Akzo. These requests include access to confidential information related to the development, testing, marketing, quality control, and claims history of LP and Akzo's respective products. These documents and other information may contain trade secrets, attorney work product and other confidential and privileged information.

LP has provided and will continue to provide Akzo with access to documents and information on a confidential basis while the parties attempt to reach an out-of-court resolution of LP's Claim. Akzo will provide LP with access to documents and information on a confidential basis while the parties attempt to reach an out-of-court resolution of LP's Claim. Subject to the limited exceptions identified in ¶3 below, this information is not to be disclosed by LP or Akzo, and/or any expert or consultant retained by them or their counsel in connection with LP's Claim, to any other individual or entity including, but not limited to, the Parties' competitors, their legal adversaries and/or their legal adversaries' counsel.

This Agreement is not intended to alter the terms, conditions and/or exclusions of any contract and /or agreement existing between LP and Akzo, but rather is expressly limited in scope to have the effect of maintaining the confidentiality of the information and materials disclosed between LP and Akzo in their effort to resolve LP's Claim.

For the purposes of this Agreement, documents designated CONFIDENTIAL - COUNSEL'S EYES ONLY shall include: any information provided by either LP or Akzo as part of the exchange of information related to LP's Claim and designated CONFIDENTIAL - COUNSEL'S EYES ONLY, regardless of the format in which the information is produced (hard copy or electronic). The Parties agree that CONFIDENTIAL - COUNSEL'S EYES ONLY material will not include any document or information that is publicly available or obtained from any source other than the Parties.

Case 1:12-cv-00625-WO-JLW    Document 6    Filed 07/05/12    Page 3 of 11

**3. Protection of Documents Designated CONFIDENTIAL - COUNSEL'S EYES ONLY**

(a)     **General Protections.** Documents designated CONFIDENTIAL - COUNSEL'S EYES ONLY under this Agreement shall not be used or disclosed by counsel for the parties or any other persons identified in ¶ 3(b) herein for any purpose whatsoever other than to prepare for and to conduct discovery and trial in this action, including any appeal thereof. Either party shall be entitled to designate any document already produced as CONFIDENTIAL – COUNSEL'S EYES ONLY, which document, upon notification of such designation to the other party in writing, shall be subject to the terms of this Agreement.

(b)     **Limited Third-Party Disclosures.** Counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - COUNSEL'S EYES ONLY documents to any person or entity except as set forth in subparagraphs (1)-(5) below. Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - COUNSEL'S EYES ONLY:

> (i)     **Counsel.** Counsel for the parties and employees of counsel who have responsibility for the preparation for and mediation of LP's Claim;
>
> (ii)    **In-house Counsel.** Laura Proctor, who is acting as in-house Counsel to LP, Laurie Gormsen, who is acting as in-house paralegal to Laura Proctor, and Martine Bazinet and Peter Drucker, who are acting as in-house counsel to Akzo. In-house counsel and paralegals may not reveal the contents of these documents to any other person beyond those denominated in this Paragraph 3(b), and, without limitation, no disclosures shall be made to other officers, directors, employees, or other financial or operational agents of the respective parties, or to such persons in their parent or affiliated corporations or entities, except as otherwise provided herein;

(iii) **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(iv) **Experts.** Experts employed by the parties or counsel for the parties to assist in the preparation for and mediation of LP's Claim but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound; and

(v) **Others by Consent.** Other persons only by written consent of the producing party and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

(c) **Expert Reports:** The relevant confidential portions of a an expert report (including attachments and appendices) are to be designated as CONFIDENTIAL – COUNSEL'S EYES ONLY material and included in a separate Appendix to the Report and marking it CONFIDENTIAL – COUNSEL'S EYES ONLY. The party receiving the report shall then have five business days after receiving the report to designate any additional information the report as CONFIDENTIAL – COUNSEL'S EYES ONLY. The expert report (including attachments and appendices) shall be considered CONFIDENTIAL – COUNSEL'S EYES ONLY in its entirety during the five business day period following the party's receipt of the report, or until such time as the party receiving the report provides its designation notification, whichever period is shorter.

(d) **Control of Documents:** Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL – COUNSEL'S EYES ONLY pursuant to the terms of this Agreement. Counsel shall maintain the originals of the forms signed by persons acknowledging their

obligations under this Agreement for one year after the parties have fully and finally resolved LP's Claim.

(e) **Copies** : Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL - COUNSEL'S EYES ONLY under this Agreement, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - COUNSEL'S EYES ONLY" if the word does not already appear on the copy. All such copies shall thereafter be entitled to the protection of this Agreement. The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

(f) **Return of Documents to LP:** Any and all copies of documents designated CONFIDENTIAL - COUNSEL'S EYES ONLY provided to Akzo, other than notes prepared by or on behalf of Akzo regarding such written material, will be returned to the Larson King, LLP law firm within fourteen (14) days of the conclusion of the mediation (regardless of whether the Parties reach a full and final resolution of LP's Claim) or cancellation of the mediation by either Party, whichever is earlier, unless both parties agree otherwise in writing. Any and all notes prepared by or on behalf of Akzo that refer to or reflect documents designated CONFIDENTIAL - COUNSEL'S EYES ONLY will be maintained only by the Stewart McKelvey law firm in a manner necessary to protect the confidential nature of the documents designated CONFIDENTIAL - COUNSEL'S EYES ONLY until any and all such information is destroyed. In the event of the destruction, written notification of the occasion and method of destruction will be supplied to LP.

Case 1:12-cv-00625-WO-JLW    Document 6    Filed 07/05/12    Page 6 of 11

(g) **Return of Documents to Akzo:** Any and all copies of documents designated CONFIDENTIAL - COUNSEL'S EYES ONLY provided to LP, other than notes prepared by or on behalf of LP regarding such written material, will be returned to the Stewart McKelvey law firm within fourteen (14) days of the conclusion of the mediation (regardless of whether the Parties reach a full and final resolution of LP's Claim) or cancellation of the mediation by either Party, whichever is earlier, unless both parties agree otherwise in writing. Any and all notes prepared by or on behalf of LP that refer to or reflect documents designated CONFIDENTIAL - COUNSEL'S EYES ONLY will be maintained only by the Larson King, LLP law firm in a manner necessary to protect the confidential nature of the documents designated CONFIDENTIAL - COUNSEL'S EYES ONLY until any and all such information is destroyed. In the event of the destruction, written notification of the occasion and method of destruction will be supplied to Akzo.

(h) **Return of Documents from Third Parties:** Any and all copies of documents designated CONFIDENTIAL - COUNSEL'S EYES ONLY provided by LP and/or Akzo to an Expert or Contractor in accordance with the terms of this Agreement, and any notes which refer, reflect or relate to documents designated CONFIDENTIAL - COUNSEL'S EYES ONLY, will be returned to LP and/or Akzo in accordance with 3(f) and 5(g) above.

4. **Unauthorized Disclosure**

In the event of an alleged unauthorized disclosure of documents designated CONFIDENTIAL - COUNSEL'S EYES ONLY, the Parties may seek relief, including but not limited to injunctive relief, from a court of competent jurisdiction.

5. Miscellaneous Provisions

    (a)    Controlling Law – This Agreement shall be construed, interpreted and applied according to the laws of the Province of Nova Scotia.

    (b)    Modification – This Agreement may be modified or amended only by written agreement of the Parties.

    (c)    Execution – This Agreement may be signed in one or more counterparts, each of which will be deemed an original. This Agreement may be executed by the Parties and transmitted by facsimile or e-mail and if so executed and transmitted, this Agreement will be for all purposes effective as if the parties had delivered an executed original Agreement.

    (d)    Drafting – This Agreement shall be deemed as mutually drafted by the Parties.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed by their duly authorized representatives.

Louisiana Pacific Ltd. and Louisiana Pacific Corporation

DATED: _____

By: _____

Printed Name: _____

Title: _____

Case 1:12-cv-00625-WO-JLW    Document 6    Filed 07/05/12    Page 8 of 11

DATED: January 12, 2012

Akzo Nobel Coatings, Ltd.

By: _____

Printed Name: Martine Brunet

Title: Secretary

DATED: JANUARY 12, 2012

Akzo Nobel Coatings, Inc.

By: _____

Printed Name: Jason Pollack

Title: ASSISTANT SECRETARY

## Louisiana Pacific / AkzoNobel "Counsel's Eyes Only"
## Confidentiality Agreement
## Governing Paint Claim Information

BETWEEN

Louisiana Pacific Ltd. and Louisiana Pacific Corporation, on behalf of themselves, their parent corporations, subsidiaries, affiliates, attorneys, agents, employees, officers and directors (collectively "LP");

AND

Akzo Nobel Coatings, Ltd. and Akzo Nobel Coatings, Inc. on behalf of themselves, their parent corporations, subsidiaries, affiliates, attorneys, agents, employees, officers and directors (collectively, "Akzo");

## ACKNOWLEDGMENT
## AND
## AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the COUNSEL'S EYES ONLY CONFIDENTIALITY AGREEMENT dated _____ in the above-captioned matter and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned understands that the terms of the Confidentiality Order obligate him/her to use documents designated CONFIDENTIAL - COUNSEL'S EYES ONLY in accordance with the Agreement solely for the purposes of the above-captioned matter, and not to disclose any such documents or information derived therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Agreement may result in damages to either of the Parties to the Confidentiality Agreement for which the undersigned may be liable.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____    _____
Signature

Case 1:12-cv-00625-WO-JLW   Document 6   Filed 07/05/12   Page 11 of 11