Louisiana-Pacific Corporation and )
Louisiana-Pacific Canada Ltd., )
)
          Plaintiffs, )
)
vs. )      Case No.: 1:12-cv-625
)
Akzo Nobel Coatings, Inc., Akzo Nobel )
Coatings, Ltd., and John Does 1-10, )
)
          Defendants. )

## AKZO NOBEL COATINGS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Akzo Nobel Coatings, Inc. ("ANCI"), by and through its attorneys, files this Answer and Affirmative Defenses to Plaintiffs' Complaint and Jury Demand ("Complaint").[1]

### Summary of the Action

1.     To the extent the allegations contained in Paragraph 1 of the Complaint are directed at ANCI, ANCI denies the allegations.

2.     To the extent the allegations contained in Paragraph 2 of the Complaint are directed at ANCI, ANCI denies the allegations.

3.     To the extent the allegations contained in Paragraph 3 of the Complaint are directed at ANCI, ANCI denies the allegations.

---

[1]   In addition to ANCI, Plaintiffs purport to sue Akzo Nobel Coatings Ltd. ("ANCL"). ANCI is a separate corporation and is answering the Complaint on its own behalf. ANCI is not acting in any capacity for ANCL.

4.     To the extent the allegations contained in Paragraph 4 of the Complaint are directed at ANCI, ANCI denies the allegations.

**The Plaintiffs**

5.     Upon information and belief, ANCI admits that Louisiana-Pacific Corporation is a publicly-held entity.  ANCI states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 5 of the Complaint and, therefore, denies the same.

6.     Upon information and belief, ANCI admits that Louisiana-Pacific Corporation operates a facility in Roaring River, North Carolina.  ANCI states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 6 of the Complaint and, therefore, denies the same.

7.     Upon information and belief, ANCI admits that Louisiana-Pacific Canada Ltd. is a foreign entity.  ANCI states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 7 of the Complaint and, therefore, denies the same.

8.     Upon information and belief, ANCI admits that Louisiana-Pacific Corporation is the parent corporation of Louisiana-Pacific Canada Ltd.  ANCI states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 8 of the Complaint and, therefore, denies the same.

## The Defendants

9.     ANCI admits that it manufactures and sells paints and coatings.  ANCI denies the remaining allegations in Paragraph 9 of the Complaint.

10.     ANCI admits that it is a corporation organized and existing under the laws of the State of Delaware.  ANCI further admits that the principal place of business of its Wood Finishes & Adhesives business unit is Louisville, Kentucky.  ANCI further admits that it has offices in High Point, North Carolina.  ANCI denies the remaining allegations in Paragraph 10 of the Complaint.

11.     ANCI admits that ANCL is a foreign entity, but denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.     Paragraph 12 of the Complaint contains legal conclusions and assertions of law to which no response is required.  To the extent any response is deemed necessary, ANCI denies the allegations contained in Paragraph 12 of the Complaint.

13.     ANCI states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Complaint and, therefore, denies the same.

## Jurisdiction and Venue

14.     Paragraph 14 of the Complaint contains legal conclusions and assertions of law to which no response is required.  To the extent any response is deemed necessary, ANCI denies the allegations contained in Paragraph 14 of the Complaint.

15.     Paragraph 15 of the Complaint contains legal conclusions and assertions of law to which no response is required.  To the extent a response is deemed necessary,

3

ANCI admits it does business in North Carolina. ANCI denies the remaining allegations contained in Paragraph 15 of the Complaint.

16. Paragraph 16 of the Complaint contains legal conclusions and assertions of law to which no response is required. To the extent a response is deemed necessary, ANCI admits that it does business in North Carolina and has offices in High Point, North Carolina. ANCI denies the remaining allegations contained in Paragraph 16 of the Complaint.

**Factual Background**

17. ANCI admits that Louisiana-Pacific Canada Ltd. manufactures a siding product called CanExel®. ANCI further admits that, at times, CanExel® was comprised of, in part, ground wood fibers, resin, and wax. ANCI states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 17 of the Complaint and, therefore, denies the same.

18. ANCI admits CanExel® is used in the construction industry as an exterior siding. ANCI is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 18 of the Complaint and, therefore, denies the same.

19. ANCI admits that, at times, CanExel's® finish included a basecoat and topcoat coating applied at Louisiana-Pacific Canada Ltd.'s facility in Nova Scotia. ANCI states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 19 of the Complaint and, therefore, denies the same.

20.     ANCI admits that, at times, CanExel® was available in a variety of colors. ANCI states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 20 of the Complaint and, therefore, denies the same.

21.     ANCI admits it manufactures and sells various paint and coating products. ANCI further admits it has offices in High Point, North Carolina. To the extent the remaining allegations contained in Paragraph 21 of the Complaint are directed at ANCI, ANCI denies the remaining allegations.

22.     ANCI admits it manufactures wood coating products and has employees in North Carolina. To the extent the remaining allegations contained in Paragraph 22 of the Complaint are directed at ANCI, ANCI denies the remaining allegations.

23.     ANCI admits that Paragraph 23 of the Complaint refers to and purports to quote, characterize, and/or paraphrase an unidentified document or written material. ANCI states that the complete and precise content of the report can be ascertained from the document or written material itself. ANCI denies any remaining allegations in Paragraph 23 of the Complaint.

24.     To the extent the allegations contained in Paragraph 24 of the Complaint are directed at ANCI, ANCI denies the allegations.

25.     ANCI admits that, at times, it had a representative present at Louisiana-Pacific Canada Ltd.'s manufacturing facility in East River, Nova Scotia during the production of CanExel® siding. To the extent the remaining allegations contained in Paragraph 25 of the Complaint are directed at ANCI, ANCI denies the allegations.

5

26.     To the extent the allegations contained in Paragraph 26 of the Complaint are directed at ANCI, ANCI denies the allegations.

27.     To the extent the allegations contained in Paragraph 27 of the Complaint are directed at ANCI, ANCI denies the allegations.

28.     ANCI admits that, at times, Louisiana-Pacific Canada Ltd. used softwoods to manufacture CanExel® siding.  ANCI further admits Louisiana-Pacific Canada Ltd. received warranty claims related to its CanExel® siding manufactured with softwoods. ANCI states that it is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 28 of the Complaint and, therefore, denies the same.

29.     To the extent the allegations contained in Paragraph 29 of the Complaint are directed at ANCI, ANCI denies the allegations.

30.     To the extent the allegations contained in Paragraph 30 of the Complaint are directed at ANCI, ANCI denies the allegations.

31.     ANCI admits that, at times, ANCL supplied coating for use on CanExel® siding.  To the extent the remaining allegations contained in Paragraph 31 of the Complaint are directed at ANCI, ANCI denies the allegations.

32.     To the extent the allegations contained in Paragraph 32 of the Complaint are directed at ANCI, ANCI denies the allegations.

33.     To the extent the allegations contained in Paragraph 33 of the Complaint are directed at ANCI, ANCI denies the allegations.

Case 1:12-cv-00625-WO-JLW   Document 19   Filed 08/31/12   Page 6 of 30

34.     ANCI admits that Louisiana-Pacific Canada Ltd. provided samples of CanExel® siding manufactured with hardwood to ANCI.  ANCI further admits that CanExel® hardwood siding samples were sent to North Carolina for analysis by ANCI employees, including Forest Fleming.  To the extent the remaining allegations contained in Paragraph 34 of the Complaint are directed at ANCI, ANCI denies the allegations.

35.     To the extent the allegations contained in Paragraph 35 of the Complaint are directed at ANCI, ANCI denies the allegations.

36.     ANCI admits that ANCL sold Dual Resin M to Louisiana-Pacific Canada Ltd. for use on CanExel® hardwood siding.  To the extent the remaining allegations contained in Paragraph 36 of the Complaint are directed at ANCI, ANCI denies the allegations.

37.     ANCI admits that ANCI, ANCL, and Louisiana-Pacific Canada Ltd. had meetings and communications regarding Dual Resin M.  To the extent the remaining allegations contained in Paragraph 37 of the Complaint are directed at ANCI, ANCI denies the allegations.

38.     ANCI admits that representatives from ANCI, ANCL, and Louisiana-Pacific Canada Ltd. participated in Technical Meetings.  To the extent the remaining allegations contained in Paragraph 38 of the Complaint are directed at ANCI, ANCI denies the allegations.

39.     To the extent the allegations contained in Paragraph 39 of the Complaint are directed at ANCI, ANCI denies the allegations.

7

40.     ANCI admits that Paragraph 40 of the Complaint refers to and purports to characterize and/or paraphrase various letters.  ANCI states that the complete and precise content of the letters can be ascertained from the letters themselves.  ANCI denies Plaintiffs' characterization of the letters, and denies any remaining allegations in Paragraph 40 of the Complaint.

41.     ANCI admits that it performed testing on Dual Resin M.  ANCI further admits that Paragraph 41 of the Complaint refers to and purports to characterize and/or paraphrase a March 19, 2002 presentation.  ANCI states that the complete and precise content of the presentation can be ascertained from the presentation itself.  ANCI denies Plaintiffs' characterization of the presentation, and denies any remaining allegations in Paragraph 41 of the Complaint.

42.     ANCI admits it performed testing of Dual Resin M, including the use of test fences in High Point, North Carolina.  ANCI denies Plaintiffs' characterization of the testing, and denies any remaining allegations in Paragraph 42 of the Complaint.

43.     ANCI admits it arranged for third-party testing of Dual Resin M.  ANCI further admits that Paragraph 43 of the Complaint refers to and purports to characterize and/or paraphrase an unidentified written report concerning such testing.  ANCI states that the complete and precise content of the report can be ascertained from the report itself.  ANCI denies Plaintiffs' characterization of the report, and denies any remaining allegations in Paragraph 43 of the Complaint.

44.     ANCI admits that Paragraph 44 of the Complaint refers to and purports to quote, characterize, and/or paraphrase an unidentified written report of a third-party

8

consultant. ANCI states that the complete and precise content of the report can be ascertained from the report itself. ANCI denies Plaintiffs' characterization of the report and its recommendations, and denies any remaining allegations in Paragraph 44 of the Complaint.

45. ANCI admits that Cross Linker A is a component of Dual Resin M and that Cross Linker B is not a component of Dual Resin M. To the extent the remaining allegations contained in Paragraph 45 of the Complaint are directed at ANCI, ANCI denies the allegations.

46. ANCI admits that Paragraph 46 of the Complaint refers to and purports to quote, characterize, and/or paraphrase an unidentified written report of a third-party consultant. ANCI states that the complete and precise content of the report can be ascertained from the report itself. ANCI denies Plaintiffs' characterization of the report, and denies any remaining allegations in Paragraph 46 of the Complaint.

47. To the extent the allegations contained in Paragraph 47 of the Complaint are directed at ANCI, ANCI denies the allegations.

48. To the extent the allegations contained in Paragraph 48 of the Complaint are directed at ANCI, ANCI denies the allegations.

49. To the extent the allegations contained in Paragraph 49 of the Complaint are directed at ANCI, ANCI denies the allegations.

50. ANCI admits it arranged for third-party testing of Dual Resin M. ANCI further admits that Paragraph 50 of the Complaint refers to and purports to characterize and/or paraphrase an unidentified written report concerning such testing. ANCI states

9

that the complete and precise content of the report can be ascertained from the report itself. ANCI denies Plaintiffs' characterization of the report, and denies any remaining allegations in Paragraph 50 of the Complaint.

51. To the extent the allegations contained in Paragraph 51 of the Complaint are directed at ANCI, ANCI denies the allegations.

52. ANCI admits that ANCL entered into a Warranty with Louisiana-Pacific Canada Ltd. in 2003 related to coating to be used on CanExel® siding. ANCI states that the complete and precise content of the Warranty can be ascertained from the Warranty itself. ANCI denies Plaintiffs' characterizations of the Warranty, and denies any remaining allegations in Paragraph 52 of the Complaint.

53. To the extent the allegations contained in Paragraph 53 of the Complaint are directed at ANCI, ANCI denies the allegations.

54. ANCI admits that Paragraph 54 of the Complaint refers to and purports to characterize and/or paraphrase the 2003 Akzo Nobel Coatings Ltd. 15 Year Warranty. ANCI states that the complete and precise content of the warranty can be ascertained from the document itself. ANCI denies Plaintiffs' characterization of the Warranty, and denies any remaining allegations in Paragraph 54 of the Complaint.

55. ANCI admits that Paragraph 55 of the Complaint refers to and purports to characterize and/or paraphrase the 2003 Akzo Nobel Coatings Ltd. 15 Year Warranty. ANCI states that the complete and precise content of the warranty can be ascertained from the document itself. ANCI denies Plaintiffs' characterization of the Warranty, and denies any remaining allegations in Paragraph 55 of the Complaint.

56.     ANCI admits that Paragraph 56 of the Complaint refers to and purports to characterize and/or paraphrase the 2003 Akzo Nobel Coatings Ltd. 15 Year Warranty. ANCI states that the complete and precise content of the warranty can be ascertained from the document itself.  ANCI denies Plaintiffs' characterization of the Warranty, and denies any remaining allegations in Paragraph 56 of the Complaint.

57.     ANCI admits that Paragraph 57 of the Complaint refers to the 2003 Akzo Nobel Coatings Ltd. 15 Year Warranty.   ANCI states that the complete and precise content of the warranty can be ascertained from the document itself.  ANCI admits that the 2003 Akzo Nobel Coatings Ltd. 15 Year Warranty was signed by Rad Darby and Fernand Gemus.   ANCI further admits that Rad Darby and Fernand Gemus are not currently employed by ANCI or ANCL.   ANCI states that it is without knowledge or information sufficient to form a belief as to Rad Darby's location when he signed the 2003 Akzo Nobel Coatings Ltd. 15 Year Warranty and, therefore, denies the same. ANCI denies the remaining allegations in Paragraph 57 of the Complaint.

58.     To the extent the allegations contained in Paragraph 58 of the Complaint are directed at ANCI, ANCI denies the allegations.

59.     ANCI admits that representatives from ANCI, ANCL, and Louisiana-Pacific Canada Ltd. participated in Technical Meetings.  To the extent the remaining allegations contained in Paragraph 59 of the Complaint are directed at ANCI, ANCI denies the allegations.

60.     To the extent the allegations contained in Paragraph 60 of the Complaint are directed at ANCI, ANCI denies the allegations.

61.     To the extent the allegations contained in Paragraph 61 of the Complaint are directed at ANCI, ANCI denies the allegations.

62.     To the extent the allegations contained in Paragraph 62 of the Complaint are directed at ANCI, ANCI denies the allegations.

63.     ANCI admits that it received samples of CanExel® siding for testing and analysis at its High Point, North Carolina facility.  ANCI further admits that at least one Technical Meeting occurred in High Point, North Carolina.  To the extent the remaining allegations contained in Paragraph 63 of the Complaint are directed at ANCI, ANCI denies the allegations.

64.     ANCI admits it performed testing of Dual Resin M, including the use of test fences in High Point, North Carolina.  ANCI denies Plaintiffs' characterization of the testing, and denies any remaining allegations in Paragraph 64 of the Complaint.

65.     To the extent the allegations contained in Paragraph 65 of the Complaint are directed at ANCI, ANCI denies the allegations.

66.     To the extent the allegations contained in Paragraph 66 of the Complaint are directed at ANCI, ANCI denies the allegations.

67.     ANCI admits Louisiana-Pacific Canada Ltd. received warranty claims related to its CanExel® siding.  To the extent the remaining allegations contained in Paragraph 67 of the Complaint are directed at ANCI, ANCI denies the allegations.

68.     To the extent the allegations contained in Paragraph 68 of the Complaint are directed at ANCI, ANCI denies the allegations.

69.     To the extent the allegations contained in Paragraph 69 of the Complaint are directed at ANCI, ANCI denies the allegations.

70.     To the extent the allegations contained in Paragraph 70 of the Complaint are directed at ANCI, ANCI denies the allegations.

71.     ANCI admits Louisiana-Pacific Canada Ltd. received warranty claims related to its CanExel® siding.   To the extent the remaining allegations contained in Paragraph 71 of the Complaint are directed at ANCI, ANCI denies the allegations.

72.     ANCI admits Louisiana-Pacific Canada Ltd. received warranty claims related to its CanExel® siding.   To the extent the remaining allegations contained in Paragraph 72 of the Complaint are directed at ANCI, ANCI denies the allegations.

73.     To the extent the allegations contained in Paragraph 73 of the Complaint are directed at ANCI, ANCI denies the allegations.

74.     To the extent the allegations contained in Paragraph 74 of the Complaint are directed at ANCI, ANCI denies the allegations.

75.     To the extent the allegations contained in Paragraph 75 of the Complaint are directed at ANCI, ANCI denies the allegations.

76.     To the extent the allegations contained in Paragraph 76 of the Complaint are directed at ANCI, ANCI denies the allegations.

77.     To the extent the allegations contained in Paragraph 77 of the Complaint are directed at ANCI, ANCI denies the allegations.

78.     To the extent the allegations contained in Paragraph 78 of the Complaint are directed at ANCI, ANCI denies the allegations.

79.     To the extent the allegations contained in Paragraph 79 of the Complaint are directed at ANCI, ANCI denies the allegations.

80.     To the extent the allegations contained in Paragraph 80 of the Complaint are directed at ANCI, ANCI denies the allegations.

81.     To the extent the allegations contained in Paragraph 81 of the Complaint are directed at ANCI, ANCI denies the allegations.

82.     To the extent the allegations contained in Paragraph 82 of the Complaint are directed at ANCI, ANCI denies the allegations.

83.     To the extent the allegations contained in Paragraph 83 of the Complaint are directed at ANCI, ANCI denies the allegations in Paragraph 83, including each subpart.

84.     To the extent the allegations contained in Paragraph 84 of the Complaint are directed at ANCI, ANCI denies the allegations.

85.     To the extent the allegations contained in Paragraph 85 of the Complaint are directed at ANCI, ANCI denies the allegations.

86.     ANCI admits that Paragraph 86 of the Complaint refers to and purports to characterize and/or paraphrase a Tolling and Standstill Agreement.  ANCI states that the complete and precise content of the Tolling and Standstill Agreement can be ascertained from the document itself.  ANCI denies Plaintiffs' characterization of the Agreement, and denies any remaining allegations in Paragraph 86 of the Complaint.

**Count I**

**(Fraudulent Inducement)**

87.     With respect to Paragraph 87 of Plaintiffs' Complaint, ANCI repeats and incorporates by reference its responses set forth in Paragraphs 1-86, as if fully set forth herein.

88.     To the extent the allegations contained in Paragraph 88 of the Complaint are directed at ANCI, ANCI denies the allegations.

89.     To the extent the allegations contained in Paragraph 89 of the Complaint are directed at ANCI, ANCI denies the allegations.

90.     To the extent the allegations contained in Paragraph 90 of the Complaint are directed at ANCI, ANCI denies the allegations.

91.     To the extent the allegations contained in Paragraph 91 of the Complaint are directed at ANCI, ANCI denies the allegations.

92.     To the extent the allegations contained in Paragraph 92 of the Complaint are directed at ANCI, ANCI denies the allegations.

93.     To the extent the allegations contained in Paragraph 93 of the Complaint are directed at ANCI, ANCI denies the allegations.

94.     To the extent the allegations contained in Paragraph 94 of the Complaint are directed at ANCI, ANCI denies the allegations.

95.     To the extent the allegations contained in Paragraph 95 of the Complaint are directed at ANCI, ANCI denies the allegations.

**Count II**

**(Breach of Express Warranty)**

96.     With respect to Paragraph 96 of Plaintiffs' Complaint, ANCI repeats and incorporates by reference its responses set forth in Paragraphs 1-95, as if fully set forth herein.

97.     To the extent the allegations contained in Paragraph 97 of the Complaint are directed at ANCI, ANCI denies the allegations.

98.     To the extent the allegations contained in Paragraph 98 of the Complaint are directed at ANCI, ANCI denies the allegations.

99.     To the extent the allegations contained in Paragraph 99 of the Complaint are directed at ANCI, ANCI denies the allegations.

100.    To the extent the allegations contained in Paragraph 100 of the Complaint are directed at ANCI, ANCI denies the allegations.

101.    To the extent the allegations contained in Paragraph 101 of the Complaint are directed at ANCI, ANCI denies the allegations.

102.    To the extent the allegations contained in Paragraph 102 of the Complaint are directed at ANCI, ANCI denies the allegations.

103.    To the extent the allegations contained in Paragraph 103 of the Complaint are directed at ANCI, ANCI denies the allegations.

**Count III**

**(Breach of Implied Warranty of Merchantability)**

104.    With respect to Paragraph 104 of Plaintiffs' Complaint, ANCI repeats and incorporates by reference its responses set forth in Paragraphs 1-103, as if fully set forth herein.

105.    To the extent the allegations contained in Paragraph 105 of the Complaint are directed at ANCI, ANCI denies the allegations.

106.    To the extent the allegations contained in Paragraph 106 of the Complaint are directed at ANCI, ANCI denies the allegations.

107.    To the extent the allegations contained in Paragraph 107 of the Complaint are directed at ANCI, ANCI denies the allegations.

**Count IV**

**(Breach of Implied Warranty of Fitness for a Particular Purpose)**

108.    With respect to Paragraph 108 of Plaintiffs' Complaint, ANCI repeats and incorporates by reference its responses set forth in Paragraphs 1-107, as if fully set forth herein.

109.    To the extent the allegations contained in Paragraph 109 of the Complaint are directed at ANCI, ANCI denies the allegations.

110.    To the extent the allegations contained in Paragraph 110 of the Complaint are directed at ANCI, ANCI denies the allegations.

111.    To the extent the allegations contained in Paragraph 111 of the Complaint are directed at ANCI, ANCI denies the allegations.

112. To the extent the allegations contained in Paragraph 112 of the Complaint are directed at ANCI, ANCI denies the allegations.

113. To the extent the allegations contained in Paragraph 113 of the Complaint are directed at ANCI, ANCI denies the allegations.

## Count V

### (Breach of Contract)

114. With respect to Paragraph 114 of Plaintiffs' Complaint, ANCI repeats and incorporates by reference its responses set forth in Paragraphs 1-113, as if fully set forth herein.

115. To the extent the allegations contained in Paragraph 115 of the Complaint are directed at ANCI, ANCI denies the allegations.

116. To the extent the allegations contained in Paragraph 116 of the Complaint are directed at ANCI, ANCI denies the allegations.

117. To the extent the allegations contained in Paragraph 117 of the Complaint are directed at ANCI, ANCI denies the allegations.

## Count VI

### (Declaratory Judgment)

118. With respect to Paragraph 118 of Plaintiffs' Complaint, ANCI repeats and incorporates by reference its responses set forth in Paragraphs 1-117, as if fully set forth herein.

119.   Paragraph 119 of the Complaint contains legal conclusions and assertions of law to which no response is required.  To the extent any response is deemed necessary, ANCI denies the allegations contained in Paragraph 119 of the Complaint.

120.   To the extent the allegations contained in Paragraph 120 of the Complaint are directed at ANCI, ANCI denies the allegations and specifically controverts Plaintiffs' entitlement to the requested declaration.

121.   To the extent the allegations contained in Paragraph 121 of the Complaint are directed at ANCI, ANCI denies the allegations and specifically controverts Plaintiffs' entitlement to the requested declaration.

122.   To the extent the allegations contained in Paragraph 122 of the Complaint are directed at ANCI, ANCI denies the allegations and specifically controverts Plaintiffs' entitlement to the requested declaration.

123.   To the extent the allegations contained in Paragraph 123 of the Complaint are directed at ANCI, ANCI denies the allegations and specifically controverts Plaintiffs' entitlement to the requested declaration.

124.   To the extent the allegations contained in Paragraph 124 of the Complaint are directed at ANCI, ANCI denies the allegations and specifically controverts Plaintiffs' entitlement to the requested declaration.

125.   To the extent the allegations contained in Paragraph 125 of the Complaint are directed at ANCI, ANCI denies the allegations and specifically controverts Plaintiffs' entitlement to the requested declaration.

## Count VII

### (Unfair and Deceptive Trade Practices Act)

126.    With respect to Paragraph 126 of Plaintiffs' Complaint, ANCI repeats and incorporates by reference its responses set forth in Paragraphs 1-125, as if fully set forth herein.

127.    Paragraph 127 of the Complaint contains legal conclusions and assertions of law to which no response is required.  To the extent any response is deemed necessary, ANCI denies the allegations contained in Paragraph 127 of the Complaint.

128.    Paragraph 128 of the Complaint contains legal conclusions and assertions of law to which no response is required.  To the extent any response is deemed necessary, ANCI denies the allegations contained in Paragraph 128 of the Complaint.

129.    To the extent the allegations contained in Paragraph 129 of the Complaint are directed at ANCI, ANCI denies the allegations.

130.    To the extent the allegations contained in Paragraph 130 of the Complaint are directed at ANCI, ANCI denies the allegations.

131.    To the extent the allegations contained in Paragraph 131 of the Complaint are directed at ANCI, ANCI denies the allegations.

132.    Paragraph 132 of the Complaint contains legal conclusions and assertions of law to which no response is required.  To the extent any response is deemed necessary, ANCI denies the allegations contained in Paragraph 132 of the Complaint.

133.    To the extent the allegations contained in Paragraph 133 of the Complaint are directed at ANCI, ANCI denies the allegations.

134. To the extent the allegations contained in Paragraph 134 of the Complaint are directed at ANCI, ANCI denies the allegations.

135. Paragraph 135 of the Complaint contains legal conclusions and assertions of law to which no response is required. To the extent any response is deemed necessary, ANCI denies the allegations contained in Paragraph 135 of the Complaint.

ANCI denies that Plaintiffs are entitled to the relief requested in the WHEREFORE clause following Paragraph 135 or to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

Having answered the allegations of the Complaint and having denied any liability whatsoever, ANCI further denies any allegations that have not been expressly admitted, and sets forth below its affirmative defenses. By setting forth these affirmative and other defenses, ANCI does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing herein stated is intended or shall be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiffs' allegations.

## FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim or claims on which relief may be granted against ANCI.

## SECOND AFFIRMATIVE DEFENSE

Any conduct by ANCI, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of the damages alleged in the Complaint.

Case 1:12-cv-00625-WO-JLW   Document 19   Filed 08/31/12   Page 21 of 30

## THIRD AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred because Plaintiffs' damages, if any, were actually or proximately caused by one or more unforeseeable, independent, intervening, and/or superseding events over which ANCI had no control and for which ANCI is not legally responsible.

## FOURTH AFFIRMATIVE DEFENSE

Any and all losses and/or damages, if any, sustained by Plaintiffs were the result of Plaintiffs' actions or omissions and/or the actions or omissions of third parties over whom ANCI had no control.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation and/or repose.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, release, good faith, and/or laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the statute of frauds and/or application of the parole evidence rule.

## EIGHTH AFFIRMATIVE DEFENSE

The product that is the subject of this action may not have been in substantially the same condition as when it entered the stream of commerce. If Plaintiffs have been

damaged, which ANCI denies, such damages were caused by the alteration and/or misuse of the product at issue and/or user error.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the product that is the subject of this action was at all times properly designed, manufactured, packaged, labeled and distributed.

## TENTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred, in whole or in part, because the product was not defective and was suitable for the purpose for which it was intended.

## ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiffs sustained any damages as alleged, such damages arose from, and were caused by, risks, hazards, and dangers knowingly assumed by Plaintiffs. Plaintiffs' recovery accordingly is barred or should be reduced by Plaintiffs' assumption of the risk.

## TWELFTH AFFIRMATIVE DEFENSE

ANCI denies that it concealed, suppressed or misrepresented any material facts. ANCI denies that Plaintiffs reasonably or justifiably relied to their detriment on any alleged representation or other conduct by ANCI.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is an improper joinder and an improper accumulation of parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their alleged damages and, therefore, any recovery should not include alleged damages that Plaintiffs could have avoided by reasonable care and diligence.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' fraud-based claims, to the extent such claims are alleged, are barred by their failure to plead the necessary elements of these claims with particularity as required by Federal Rule of Civil Procedure 9.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages claim, if any, for non-economic losses is limited by the applicable law.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, are barred by the economic loss rule and/or the independent tort doctrine.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Complaint fails to state facts sufficient to sustain a claim for, or recovery of, punitive damages.

## NINETEENTH AFFIRMATIVE DEFENSE

ANCI states that it committed no act or omission that was malicious, oppressive, willful, wanton, reckless or grossly negligent; therefore, any award of punitive damages is barred.  ANCI further states that Plaintiffs' claim for punitive damages is barred, in

whole or in part, by the Constitution of the United States and/or the constitution and laws of any other state, province, or country whose laws are deemed to apply.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs are barred from recovery because the alleged damages sought in the Complaint are excessively remote and speculative, and thus not cognizable, compensable, or recoverable.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

If Plaintiffs sustained damages, which ANCI denies, any application of joint and several liability laws violates ANCI's constitutional rights under the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and/or the constitution and laws of any state, province, or country whose laws are deemed to apply.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs are precluded from recovery against ANCI in whole or in part, pursuant to the product-liability laws of the state, province, or country whose laws are deemed to apply to this case. Further, ANCI specifically pleads every defense available under applicable product-liability laws.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

ANCI did not make to Plaintiffs, nor did it breach, any express or implied warranties and/or breach any warranties created by law. To the extent that Plaintiffs rely on any theory of breach of warranty, such claims are barred by applicable law, and for lack of privity with ANCI and for failure of Plaintiffs, or Plaintiffs' representatives, to give timely notice to ANCI of any alleged breach of warranty. ANCI further specifically

25

pleads all affirmative defenses under the Uniform Commercial Code or similar law existing and which may arise in the future, as enacted in the state, province, or country whose laws are deemed to apply in this case.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

ANCI did not breach, materially or otherwise, any alleged agreement or contract with Plaintiffs and/or any legal duty allegedly owed to Plaintiffs.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery for lack of compliance with the terms, conditions, and obligations of any express contract, warranty, or similar provision. Plaintiffs may not enforce any contract, warranty, or provision to which they failed to abide by.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs waived any express or implied warranties.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery for lack of compliance with the terms of any express warranty.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from recovery for the alleged violation of North Carolina's Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1, *et seq.*, as these statutes are not applicable to this matter.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Venue is improper under 28 U.S.C. § 1391. Moreover, this Court is not a proper forum to adjudicate this matter under the principles of *forum non conveniens*.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs lack either standing or capacity, or both, to bring some or all of the claims alleged in the Complaint.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

ANCI states that the Complaint is barred by intentional or negligent spoliation of evidence.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

ANCI is entitled to setoffs for all amounts paid, payable by, or available from collateral sources, including but not limited to, insurance.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

ANCI is entitled to, and claims the benefit of, all defenses and presumptions set forth in or arising from any rule of law or statute of the state, province, or country whose laws are deemed to apply to any cause of action asserted by Plaintiffs.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

ANCI incorporates the defenses of all others who are or may become parties to this action, as though fully set forth herein.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

ANCI hereby gives notice that it intends to rely on such other defenses as may become available or appear during the course of discovery proceedings in this case and hereby reserves the right to amend this Answer to assert such defenses.

## PRAYER FOR RELIEF

Wherefore, having answered the Complaint as fully as it is advised, Defendant Akzo Nobel Coatings, Inc. respectfully prays unto the Court as follows:

1. That Plaintiffs have and recover nothing from ANCI;

2. That the Court dismiss the Complaint with prejudice as to ANCI;

3. That the Court award to ANCI its reasonable attorneys' fees and costs of suit as provided by law;

4. That the Court provide a jury trial for all issues triable to a jury; and

5. That the Court award ANCI such other and further relief as it deems just and proper.


This the 31st day of August, 2012.

/s/ Alan W. Duncan
Alan W. Duncan
N.C. State Bar No. 8736
Stephen M. Russell, Jr.
N.C. State Bar No. 35552
SMITH MOORE LEATHERWOOD LLP
300 N. Greene Street, Suite 1400
Greensboro, NC 27401
Telephone: 336-378-5200
Facsimile: 336-378-5400
alan.duncan@smithmoorelaw.com
steve.russell@smithmoorelaw.com

28

Harvey L. Kaplan
Mark C. Hegarty
John C. Vaglio
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 54108
Telephone:  816-474-6550
Facsimile:  816-421-5547
hkaplan@shb.com
mhegarty@shb.com
jvaglio@shb.com

*Attorneys for Defendant Akzo Nobel
Coatings, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this date the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send the notification of such filing to the following:

> Richard T. Boyette (rtb@cshlaw.com)
> *Attorney for Plaintiffs*

This the 31st day of August, 2012.

> /s/ Alan W. Duncan
> Alan W. Duncan
> N.C. State Bar No. 8736
> *Attorney for Defendant Akzo Nobel*
> *Coatings, Inc.*

30