UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| Louisiana-Pacific Corporation and <br> Louisiana-Pacific Canada Ltd., <br> <br> Plaintiffs, <br> <br> vs. <br> <br> Akzo Nobel Coatings, Inc., Akzo <br> Nobel Coatings, Ltd., and John Does 1-10, <br> <br> Defendants. | Case No.: 1:12-cv-625 |

## DEFENDANT AKZO NOBEL COATINGS LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Akzo Nobel Coatings Ltd. ("Akzo Nobel")[1] respectfully moves the Court, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss this action for lack of personal jurisdiction. Akzo Nobel does not have sufficient contacts with North Carolina to be subject to personal jurisdiction in this Court. Akzo Nobel, a Canadian company headquartered in Canada, manufactures and supplies protective coatings exclusively through its Wood Coatings Division ("Akzo Nobel Wood Coatings"). Akzo Nobel Wood Coatings does not maintain a presence in North Carolina – no offices, no property, no employees, no agents, no records, no contracts. It has not manufactured, distributed,

---

[1] In its special limited appearance, Akzo Nobel hereby files this motion to dismiss for lack of personal jurisdiction concurrently with a motion to dismiss for *forum non conveniens*. In the interest of convenience, fairness, and judicial economy, Akzo Nobel respectfully submits that the most efficient course is for the Court to resolve the *forum non conveniens* motion prior to addressing the question of personal jurisdiction addressed in this motion. *See Wolff v. Zip.ca, Inc.*, 2009 WL 1628887, *1-2 (M.D.N.C. 2009) (citing *Sinochem Int'l Co. Ltd., v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007)).

marketed or sold any coating product in North Carolina, including CanExel Dual Resin M, the coating product at issue in this case. In short, Akzo Nobel has had no contact with North Carolina sufficient to warrant the Court's exercise of personal jurisdiction over it in this case.

In further support of this Motion, Akzo Nobel concurrently files its Memorandum of Law in Support of Akzo Nobel Coatings Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction, as well as the affidavits of Denis Berthiaume and Martine Bazinet. Akzo Nobel incorporates by reference all facts and arguments contained therein.

**WHEREFORE**, Defendant Akzo Nobel Coatings Ltd. respectfully requests that the Court enter an Order dismissing this action, with prejudice, for lack of personal jurisdiction and for any further relief that the Court may deem appropriate.

Respectfully submitted, this the 31st day of October, 2012.

/s/ Alan W. Duncan
Alan W. Duncan
N.C. State Bar No. 8736
Stephen M. Russell, Jr.
N.C. State Bar No. 35552
SMITH MOORE LEATHERWOOD LLP
300 N. Greene Street, Suite 1400
Greensboro, NC 27401
Telephone: 336-378-5200
Facsimile: 336-378-5400
alan.duncan@smithmoorelaw.com
steve.russell@smithmoorelaw.com

*Attorneys for Defendant Akzo Nobel Coatings Ltd.*

OF COUNSEL:

Harvey L. Kaplan
Mark C. Hegarty
John C. Vaglio
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 54108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hkaplan@shb.com
mhegarty@shb.com
jvaglio@shb.com

**CERTIFICATE OF SERVICE**

This is to certify that on this date the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send the notification of such filing to the following:

>Richard T. Boyette (rtb@cshlaw.com)
>*Attorney for Plaintiffs*

This the 31st day of October, 2012.

>/s/ Alan W. Duncan
>Alan W. Duncan
>N.C. State Bar No. 8736
>
>*Attorney for Defendant Akzo Nobel Coatings Ltd.*