UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| Louisiana-Pacific Corporation and | ) | |
|---|---|---|
| Louisiana-Pacific Canada Ltd., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No.: 1:12-cv-625 |
| | ) | |
| Akzo Nobel Coatings, Inc., Akzo | ) | |
| Nobel Coatings, Ltd., and John Does 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF AKZO NOBEL COATINGS LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Defendant Akzo Nobel Coatings Ltd. ("Akzo Nobel")[1] submits this Memorandum in support of its Motion to Dismiss for Lack of Personal Jurisdiction.

### NATURE OF THE MATTER BEFORE THE COURT

Akzo Nobel does not have contacts with North Carolina to be subject to personal jurisdiction in this Court. Akzo Nobel, a Canadian company headquartered in Canada, manufactures and supplies protective wood coatings exclusively through its Wood Coatings Division ("Akzo Nobel Wood Coatings"). Akzo Nobel Wood Coatings does

---

[1] In its special limited appearance, Akzo Nobel hereby files this motion to dismiss for lack of personal jurisdiction concurrently with a motion to dismiss for *forum non conveniens*. In the interest of convenience, fairness, and judicial economy, Akzo Nobel respectfully submits that the most efficient course is for the Court to resolve the *forum non conveniens* motion prior to addressing the question of personal jurisdiction addressed in this motion. *See Wolff v. Zip.ca, Inc.*, 2009 WL 1628887, *1-2 (M.D.N.C. 2009) (citing *Sinochem Int'l Co. Ltd., v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422 (2007)).

1

not maintain a presence in North Carolina – no offices, no property, no employees, no agents, no records, no contracts. It has not manufactured, distributed, marketed or sold any coating product in North Carolina, including CanExel Dual Resin M, the wood coating at issue in this case. In short, Akzo Nobel has no contacts that would justify the Court's exercise of personal jurisdiction over it in this case. Accordingly, Akzo Nobel moves, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss Plaintiffs' Complaint against it for lack of personal jurisdiction.

## STATEMENT OF PERTINENT FACTS

In this case, Plaintiffs allege that they suffered injuries due to premature failure of coating supplied by Akzo Nobel to Louisiana-Pacific Canada Ltd. ("LP Canada"). (Compl. ¶¶ 1-3; Warranty at 1, attached to Berthiaume Aff., attached as Ex. 1). LP Canada manufactures and sells CanExel® siding ("CanExel siding"), a prefinished exterior siding made from compressed wood, fiber, resin, and wax. (Compl. ¶¶ 5-8, 17-18.) LP Canada purchased a dual resin coating system ("CanExel Dual Resin M") from Akzo Nobel in Canada and applied it to CanExel siding at LP Canada's East River plant in Nova Scotia. (Berthiaume Aff. ¶ 11) (Warranty at 7-8.) LP Canada and/or its affiliates sold CanExel siding primarily in Canada and Europe. (Compl. ¶ 18.) Plaintiffs do not allege that LP Canada and/or its affiliates marketed or sold CanExel siding in North Carolina. (*See* Compl. ¶ 18.)

On or about July 5, 2012, Plaintiffs filed this lawsuit against Akzo Nobel and its U.S. affiliate, Akzo Nobel Coatings, Inc., in the District Court for the Middle District of North Carolina. Plaintiffs essentially allege that they were damaged because the CanExel

2

Dual Resin M coating did not perform on the hardwood CanExel siding in accordance with a 15-year limited warranty ("Warranty") provided by Akzo Nobel to LP Canada. The Complaint includes counts for: (1) fraudulent inducement; (2) breach of express warranty; (3) breach of implied warranty of merchantability; (4) breach of implied warranty of fitness for a particular purpose; (5) breach of contract; (6) declaratory judgment; and (7) violation of North Carolina's Unfair and Deceptive Trade Practices Act (UDTPA). (*See generally* Compl.) In support of their claims, Plaintiffs rely on the Warranty provided by Akzo Nobel to LP Canada for CanExel Dual Resin M coating. Plaintiffs also ask this Court to interpret the parties' rights and obligations under the Warranty and to declare certain aspects of the Warranty reformed, amended, unenforceable or subject to rescission. (Compl. ¶¶ 118-25.) The Warranty, executed between two Canadian companies, explicitly identifies Nova Scotia law as the governing law for warranty construction and disputes. (Warranty at 1.)

## QUESTION PRESENTED

Whether the Court's exercise of personal jurisdiction over Akzo Nobel would violate due process, where Akzo Nobel does not have the required minimum contacts with North Carolina and requiring Akzo Nobel to defend itself in North Carolina would offend traditional notions of fair play and substantial justice?

## ARGUMENT

**I.  Plaintiffs Bear the Burden to Prove the Existence of Personal Jurisdiction.**

A trial court presented with a properly supported 12(b)(2) motion to dismiss has three procedural alternatives for determining jurisdiction. *See Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989). It may: (1) determine jurisdiction solely on the basis of the

3

parties' written submissions; (2) order discovery in aid of the jurisdictional question; or (3) conduct an evidentiary hearing on the merits of the motion to dismiss. *See id*. The choice of alternatives is committed to the trial court's discretion, but will dramatically affect the burden of proof that a plaintiff must bear to avoid dismissal. *Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 60 (4th Cir. 1993) (holding that the Maryland district court did not have personal jurisdiction over the Dutch parent corporation of Akzo Nobel and Akzo Nobel Coatings, Inc.). Under the first alternative, the plaintiff is required to make a *prima facie* showing that personal jurisdiction exists. *Id*. But to avoid dismissal under the second and third alternatives, the plaintiff must prove the existence of jurisdiction by a preponderance of the evidence. *Id*.

## II.  Exercising Personal Jurisdiction over ANCL Violates Due Process.

Personal jurisdiction over the defendant is a fundamental prerequisite to a court's authority to adjudicate an action. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). For a federal court sitting in diversity, the existence of personal jurisdiction is determined through a two-step process. First, the plaintiff must show that the state's long-arm statute authorizes jurisdiction in the specific situation at hand. *Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 215 (4th Cir. 2001). Second, if the court concludes that there is a statutory basis for jurisdiction, it must determine whether the existence of personal jurisdiction comports with the due process requirements of the Fourteenth Amendment. *Id*. Because North Carolina courts have interpreted the state's long-arm statute to be coextensive with the limits of federal due process, this two-step inquiry collapses into "a single inquiry as to whether the

4

defendant has such minimal contacts with [North Carolina] that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Christian Sci.*, 259 F.3d at 215.

The Due Process Clause permits a court to exercise general or specific jurisdiction over a defendant. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8-9 (1984); *Slaughter v. Life Connection of Ohio*, 907 F. Supp. 929, 933 (M.D.N.C. 1995). The exercise of general jurisdiction is appropriate only when a defendant's contacts with the forum state are so substantial, continuous and systematic that they approximate a <u>physical presence</u> in the forum. *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 623 (4th Cir. 1997), *cert. denied*, 523 U.S. 1048 (1998); *see also Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000). Specific jurisdiction, on the other hand, may be exercised when the defendant, even though he does not have substantial contacts with the forum, has nevertheless taken some action that purposefully targeted the forum and gave rise to the lawsuit. *Helicopteros*, 466 U.S. at 414 n. 8-9. To determine the existence of specific jurisdiction, a court considers the following factors: (1) whether the defendant "purposefully availed" itself of the privilege of acting in the forum; (2) whether the plaintiffs' claims arise out of the actions that the defendant directed at the forum; and (3) whether the exercise of jurisdiction is constitutionally reasonable. *E.g., ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002). In this case, neither general nor specific jurisdiction exists over ANCL.

5

### A. ANCL Is Not Subject to General Jurisdiction in North Carolina.

For a North Carolina court to assert general jurisdiction over Akzo Nobel, Plaintiffs must establish that Akzo Nobel had continuous and systematic contacts with North Carolina substantial enough to approximate a physical presence. *ESAB Group,* 126 F.3d at 623; *see also Bancroft & Masters, Inc.*, 223 F.3d at 1086. In addition, Plaintiffs must prove that these continuous and systematic contacts were related to Akzo Nobel's sale of CanExel Dual Resin M coating. *See Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2856 (2011) (reversing the North Carolina Court of Appeals' affirmation of general jurisdiction and reiterating the Court's instruction in *International Shoe* that "continuous activity of some sorts within a state is not enough to support the demand that a corporation be amenable to suits unrelated to that activity"). Plaintiffs have not and cannot meet this burden.

Akzo Nobel is a Canadian corporation, with its headquarters and principal place of business in Canada. (Bazinet Aff. ¶ 1, attached as Ex. 2.) Akzo Nobel formulated, manufactured and sold CanExel Dual Resin M in Canada, exclusively through its Wood Coatings Division (Akzo Nobel Wood Coatings). (*See* Bazinet Aff. ¶ 1; Berthiaume Aff. ¶ 4, 10-11). Akzo Nobel Wood Coatings does not maintain offices, agents or employees in North Carolina, nor does it own or lease property in North Carolina. (Bazinet Aff. ¶ 1.) Akzo Nobel Wood Coatings has never been registered, licensed or qualified to do business in North Carolina, nor has it ever been a partner in a partnership or joint venture operating in North Carolina. (Bazinet Aff. ¶¶ 5-6.) Akzo Nobel Wood Coatings has never maintained a mailing address, telephone listing, or bank account in North Carolina,

6

and it has not manufactured, distributed, marketed, or sold any product in North Carolina. (Bazinet Aff. ¶¶ 10-11.) In short, Akzo Nobel Wood Coatings has had no contact with North Carolina that could be considered "continuous and systematic" enough to warrant the exercise of general jurisdiction over it. *ESAB Group*, 126 F.3d at 623; *see also Goodyear*, 131 S.Ct. at 2856; *Bancroft & Masters, Inc.*, 223 F.3d at 1086.

### B. ANCL is Not Subject to Specific Jurisdiction in North Carolina.

Under both federal and North Carolina law, a plaintiff seeking to establish specific jurisdiction must show that the exercise of jurisdiction comports with constitutional due process. *E.g., Christian Sci.*, 259 F.3d at 215; *Worldwide Ins. Network, Inc. v. Trustway Ins. Agencies, LLC*, 2006 WL 288422, at *3 (M.D.N.C. Feb. 6, 2006) (unpublished). North Carolina courts and the Fourth Circuit employ a three-part test to determine whether specific jurisdiction exists: (1) the defendant must purposefully avail itself of the privilege of acting in North Carolina; (2) the plaintiff's claims must arise out of the actions that the defendant directed at North Carolina; and (3) the acts of the defendant, or the consequences caused by the defendant, must have a substantial enough connection with North Carolina to make the exercise of jurisdiction constitutionally reasonable. *ALS Scan*, 293 F.3d at 712. All three criteria must be satisfied before a court may properly exercise specific jurisdiction over a defendant. Plaintiffs have not and cannot meet this burden.

### 1. Plaintiffs Cannot Prove ANCL Purposefully Availed Itself of the Privilege of Acting in North Carolina.

Purposeful availment is the "sine qua non" of personal jurisdiction. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1273 (6th Cir. 1998); *see also Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 278 (4th Cir. 2009) (noting that a plaintiff must establish the purposeful availment prong of the specific jurisdiction test before the court need consider the other two prongs). The purpose of this requirement is to ensure that a non-resident defendant, like Akzo Nobel, is not haled into a distant jurisdiction based on random, fortuitous, or attenuated contacts, or on the unilateral activity of another party. *E.g.*, *Burger King Corp. v. Rudewicz*, 471 U.S. 462, 475 (1985).

Fourth Circuit has identified the following nonexclusive factors that courts consider when determining whether a defendant has purposefully availed itself of the privilege of acting in a forum state:

- whether the defendant maintains offices or agents in the forum state;
- whether the defendant owns property in the forum state;
- whether the defendant reached into the forum state to solicit or initiate business;
- whether the defendant deliberately engaged in significant or long-term business activities in the forum state;
- whether the parties contractually agreed that the law of the forum state would govern disputes;
- whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship;
- the nature, quality and extent of the parties' communications about the business being transacted; and

8

- whether the performance of contractual duties was to occur within the forum.

*Consulting Eng'rs Corp.,* 561 F.3d at 278.

Plaintiffs have not and cannot show that Akzo Nobel has the required minimum contacts with North Carolina, purposeful or otherwise. Indeed, the factors identified by the Fourth Circuit dictate this finding: Akzo Nobel Wood Coatings has never maintained a presence in North Carolina – no offices, no property, no employees, no agents, no records, no contracts, etc. (Bazinet Aff. ¶¶ 3-16.) CanExel Dual Resin M coating, the coating product at issue, was formulated, manufactured and sold by a Canadian company, in Canada, to another Canadian company that used the product, in Canada, pursuant to a warranty that designated Canadian law as the governing law for warranty construction and disputes. (Bazinet Aff. ¶ 1; Berthiaume Aff. ¶¶ 3, 11-13; Warranty at 9.) Further, it was LP Canada – the Canadian plaintiff and the real party in interest – that initiated the business at issue, not the defendant. (Compl. ¶¶ 29, 31.) Finally, neither Plaintiff is a resident of North Carolina – a fact that further highlights the lack of a nexus between Akzo Nobel's alleged activities and North Carolina. (Compl. ¶¶ 5-8.)

### 2. Plaintiffs' Causes of Action Do Not Arise from Any Action by ANCL Directed at North Carolina.

Plaintiffs have not identified a single specific act directed at North Carolina <u>by</u> Akzo Nobel that is sufficient to confer this Court with jurisdiction over Akzo Nobel. Instead, the Complaint refers to defendants collectively as "Akzo," and fails to set forth specific jurisdictional allegations as to each named defendant. (*See generally* Compl.) The result is that Plaintiffs have not alleged any specific facts from which the Court could

9

determine that Akzo Nobel purposefully availed itself of the privilege of acting within North Carolina. Under Fourth Circuit law, this is dispositive of the specific jurisdiction analysis. *See Consulting Eng'rs Corp.*, 561 F.3d at 278-81 & n.9 (finding that the plaintiff had failed to satisfy the purposeful availment prong of the specific jurisdiction test where the defendant did not have offices, employees, property, or on-going business activity in the state, and stating: "[i]f, and only if, we find that the plaintiff has satisfied [the purposeful availment] prong of the test…need we move on to a consideration of prongs two and three").

In any event, Plaintiffs have not – and cannot – prove that their causes of action arise out of Akzo Nobel's in-state activities. Plaintiffs allege they suffered injuries due to premature failure of CanExel Dual Resin M coating. Akzo Nobel did not manufacture, distribute, market, or sell CanExel Dual Resin M coating in North Carolina. (*See* Berthiaume Aff. ¶ 11.) Akzo Nobel manufactured and sold CanExel Dual Resin M coating to LP Canada in Canada, pursuant to a warranty that is explicitly governed by Canadian law. (Berthiaume Aff. ¶¶ 11-13; Warranty at 9.) In short, Plaintiffs claims do not arise out of any activity Akzo Nobel directed at North Carolina.

### 3. *Personal Jurisdiction Is Unreasonable*

Finally, this Court's exercise of personal jurisdiction over Akzo Nobel is not constitutionally reasonable. Plaintiffs' causes of action arise out of the alleged premature failure of a coating that was manufactured, sold, and warranted in Canada and distributed by Plaintiffs and/or their affiliates to the Canadian and European markets. (Berthiaume Aff. ¶¶ 11-13; Compl. ¶ 18.) Under the circumstances, Akzo Nobel could not reasonably

10

have expected to be required to defend itself in North Carolina against claims for damages for the alleged failure of a Canadian product and against claims for interpretation and construction of a Canadian warranty. *See Consulting Eng'rs Corp.*, 561 F.3d at 280-81 (holding that exercise of jurisdiction would be "manifest injustice," where activities giving rise to plaintiff's claims took place in a foreign country, and defendant did not have employees, offices, property or on-going business in the forum state).

## **CONCLUSION**

Plaintiffs' suit against Akzo Nobel cannot proceed in this Court because Akzo Nobel is not subject to personal jurisdiction under the North Carolina long arm statute and governing case law. Akzo Nobel respectfully requests that the Court enter an Order granting ANCL's motion to dismiss with prejudice, and for such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 31st day of October, 2012.

/s/ Alan W. Duncan
Alan W. Duncan
N.C. State Bar No. 8736
Stephen M. Russell, Jr.
N.C. State Bar No. 35552
SMITH MOORE LEATHERWOOD LLP
300 N. Greene Street, Suite 1400
Greensboro, NC 27401
Telephone: 336-378-5200
Facsimile: 336-378-5400
alan.duncan@smithmoorelaw.com
steve.russell@smithmoorelaw.com

*Attorneys for Defendant Akzo Nobel Coatings Ltd.*

OF COUNSEL:

Harvey L. Kaplan
Mark C. Hegarty
John C. Vaglio
SHOOK, HARDY & BACON LLP
2555 Grand Blvd.
Kansas City, MO 54108
Telephone: 816-474-6550
Facsimile: 816-421-5547
hkaplan@shb.com
mhegarty@shb.com
jvaglio@shb.com

## CERTIFICATE OF SERVICE

This is to certify that on this date the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send the notification of such filing to the following:

>Richard T. Boyette (rtb@cshlaw.com)
>*Attorney for Plaintiffs*

This the 31st day of October, 2012.

>/s/ Alan W. Duncan
>Alan W. Duncan
>N.C. State Bar No. 8736
>
>*Attorney for Defendant Akzo Nobel Coatings Ltd.*