UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF NORTH CAROLINA

---

Louisiana Pacific Corporation and Louisiana-Pacific Canada Ltd.,

                Plaintiffs,

v.

Akzo Nobel Coatings, Inc., Akzo Nobel Coatings, Ltd, and John Does 1-10,

                Defendants.

Court File No. 1:12-cv-625

**Affidavit of Shawn M. Raiter in Support of Louisiana Pacific's Memoranda in Opposition to Akzo Nobel Coatings, Ltd's Motions to Dismiss**

---

STATE OF MINNESOTA     )
                              ) ss.
COUNTY OF RAMSEY      )

Shawn M. Raiter, being first duly sworn, under oath, states as follows:

1.      Your Affiant is one of the attorneys representing the Plaintiffs in the above-captioned matter;

2.      This Affidavit is submitted in support of Plaintiffs' memoranda in opposition to Akzo Nobel Coatings, Ltd's motions to dismiss for lack of personal jurisdiction and Defendants' collective motion to dismiss on the ground of forum non conveniens.

3.      CanExel siding is sold in the United States, Canada, and parts of Europe. Before initiating this lawsuit, Louisiana Pacific received and paid millions of dollars of warranty claims from consumers for problems with the paint supplied by Akzo Nobel Coatings, Inc. and Akzo Nobel Coatings, Ltd. Many of the warranty claims are handled and

their files maintained by Plaintiffs at Louisiana Pacific Corporation's facility in Roaring River, North Carolina.

4.    Before commencing litigation, the parties attempted to resolve this dispute and requested and exchanged information.  For example, Louisiana Pacific produced its consumer warranty claim files to Akzo and also produced quality control and other documents requested by Akzo.  The parties also conducted on-site inspections of Louisiana Pacific and Akzo operations in Canada.

5.    As part of the pre-suit discussions, counsel for Akzo requested information relating to paint subsequently sold to Louisiana Pacific by Valspar Corporation.  Valspar provided paint for use on CanExel siding and the technical witnesses and evidence related to that paint are believed to be located in High Point, North Carolina, at Valspar's facilities.

6.    Because Plaintiffs contend that the paint supplied by the Defendants was not properly designed, formulated, and tested, discovery related to the research and development and paint formulation will be needed.  Plaintiffs intend to conduct third-party discovery and will seek trial testimony from third-parties in this litigation including representatives of Rohm & Haas, Cytec, Atlas, DuPont, and potentially other third-parties located in the United States.

7.    There are currently 36 known potential witnesses who reside in this District or elsewhere in the United States, or are believed to reside in this District or the United States. The currently known Akzo witnesses who reside in North Carolina include: (1) Rad Darby; (2) Forest Fleming; (3) Brent Martin; (4) Robert Matejka; and (5) Bob Smith.

8. The witnesses whose residency is currently unknown, but whose connection to this case has been established through technical and testing documents the parties exchanged related to the paint at issue, include: (1) G. Agansky; (2) D. Blanchette; (3) P. Boon; (4) S. Brown; (5) G. Bryant; (6) L. Collins; (7) Ron Cooper; (8) R. Couture; (9) Gerry Currier; (10) D. Doyle; (11) Bucky Fagen; (12) M. Fitch; (13) Rick Gray; (14) Doug Gilliam; (15) Donna Staley Grecian; (16) B. Martin; (17) M. McDonald; (18) S. Meisner; (19) Irene M. Melly; (20) Phil Moes; (21) Michaeleen L. Pacholski; (22) H. Peake; (23) Theresa R. Powell; (24) F. Reason; (25) William Riches; (26) S. Robertson; (27) Frank C. Shaffer; (28) G. Spencer; (29) Jaroslav Stavik; (30) G. Walker; and (31) Michelle A. Zacchei.

9. If the Court concludes that plaintiffs have not established a prima facie case of personal jurisdiction over Akzo Nobel, Ltd, Plaintiffs believe that additional discovery related to Akzo Nobel Ltd's contacts with North Carolina would provide helpful information for the Court's consideration of this issue. In particular, Plaintiffs believe that discovery related to the nature and extent of contacts Akzo Nobel, Ltd employees had with Akzo, Inc. employees in North Carolina would be instructive.

10. Additionally, Plaintiffs believe that Akzo Nobel, Ltd and its representatives had many additional contacts with North Carolina without the involvement of Plaintiffs' representatives and that discovery related to their travel to North Carolina and email and telephone contact in or from North Carolina would be helpful for the Court.

11. That attached hereto as Exhibit A is a true and correct copy of the Complaint in the above-captioned matter.

12. That attached hereto as Exhibit B is a true and correct copy of an Akzo Nobel Technical Data Sheet dated February 15, 1996, relating to paint Akzo made for ABT Co, Inc.

13. That attached hereto as Exhibit C is a true and correct copy of a March 22, 1995, Technical Report from Akzo Coatings, Inc.'s High Point, North Carolina, location to Forest Fleming relating to paint made for Louisiana Pacific's predecessor, ABT Co, Inc., which is being filed under seal.

14. That attached hereto as Exhibit D is a true and correct copy of a July 26, 1995, Technical Report from Akzo Coatings, Inc.'s High Point, North Carolina, location to Forest Fleming relating to paint made for Louisiana Pacific's predecessor, ABT Co, Inc., which is being filed under seal.

15. That attached hereto as Exhibit E is a true and correct copy of lab books provided by Akzo's North Carolina operations for paint manufactured for ABT Co, Inc., which is being filed under seal.

16. That attached hereto as Exhibit F is a true and correct copy of technical documents maintained in North Carolina by Akzo relating to Louisiana Pacific's CanExel® siding, which is being filed under seal.

17. That attached hereto as Exhibit G is a true and correct copy of a November 9, 2000, letter from Robert Matejka to Barry Smith.

18. That attached hereto as Exhibit H is a true and correct copy of a February 12, 2001, letter from Robert Matejka to Barry Smith.

4

19. That attached hereto as Exhibit I is a true and correct copy of Akzo Nobel Coatings, Inc.'s Answer and Affirmative Defenses in this litigation.

20. That attached hereto as Exhibit J is a true and correct copy of a Coatings Technical Service Department Sales Service Report from Rohm & Haas produced by Akzo in pre-suit exchange of information, which is being filed under seal.

21. That attached hereto as Exhibit K is a true and correct copy of a Louisiana Pacific/Akzo Nobel Technical Meeting Agenda for a meeting that took place in High Point, North Carolina, on March 22, 2005.

22. That attached hereto as Exhibit L is a true and correct copy of a Akzo Nobel Coatings/Louisiana Pacific Technical Meeting Agenda for a meeting that took place in High Point, North Carolina, on April 24, 2007.

23. That attached hereto as Exhibit M is a true and correct copy of the minutes of an Akzo Nobel Coatings/Louisiana Pacific Technical Meeting that took place in High Point, North Carolina, on April 24, 2007.

24. That attached hereto as Exhibit N is true and correct copy of a February 5, 2009, Memorandum from Akzo Nobel employee Jim Bignell referencing the testing of LP siding and test fences in High Point, North Carolina, which is being filed under seal.

25. That attached hereto as Exhibit O is a true and correct copy of a March 17, 2003, letter from Robert Matejka to Barry Smith.

26. That attached hereto as Exhibit P is a true and correct copy of the Akzo Nobel Coatings Ltd 15-year Warranty signed by the parties in 2003.

27. That attached hereto as Exhibit Q is a true and correct copy of an Akzo Nobel Non-Analysis and Confidentiality Agreement between Akzo and Louisiana Pacific, which is being filed under seal.

28. That attached hereto as Exhibit R is a true and correct copy of a Material Safety Data Sheet from Rohm and Haas for the Resin A used in the new dual resin paint.

29. That attached hereto as Exhibit S is a true and correct copy of a Material Safety Data Sheet from Cytec for the Cross Linker A used in the new dual resin paint.

30. That attached hereto as Exhibit T is a true and correct copy of a Material Safety Data Sheet from Cytec for the Cross Linker B used in the new dual resin paint.

31. That attached hereto as Exhibit U is a true and correct copy of April 12, 2001, email from Michelle Zacchei to Forest Fleming providing technical results for paint analysis and testing, which is being filed under seal.

32. That attached hereto as Exhibit V is a true and correct copy of a January 11, 2001, Memorandum providing long term testing results of paint applied to LP CanExel siding, which is being filed under seal.

33. That attached hereto as Exhibit W is a true and correct copy of a July 27, 2000, email from Theresa Powell at Rohm and Haas providing results of third-party testing done on paint actually sold to Louisiana Pacific, which is being filed under seal.

34. That attached hereto as Exhibit X is a true and correct copy of notes from a technical meeting in High Point, North Carolina, at which Akzo provided a technical presentation to Louisiana Pacific regarding the paint Akzo sold to Louisiana Pacific, which is being filed under seal.

35. That attached hereto as Exhibit Y is a true and correct copy of Inspection Report dated January 7, 2004, related to test fence samples maintained by sub-tropical testing service.

36. That attached hereto as Exhibit Z is a true and correct copy of test reporting of test fence specimens being tested by Atlas/DSET Laboratories in Arizona, which is dated August 27, 2004.

37. That attached hereto as Exhibit AA is a true and correct copy of a Harvard Law School Program on the Legal Profession, The Canadian Legal Profession, which is dated 2011.

38. That attached hereto as Exhibit BB is a true and correct copy of documents from a test fence presentation done by Akzo in High Point, North Carolina, on March 19, 2002, at which Akzo provided results of its test fence testing being carried out in North Carolina, which is being filed under seal.

39. That attached hereto as Exhibit CC is a true and correct copy of an October 31, 2006, email from Denis Berthiaume confirming involvement of various North Carolina-based Akzo employees in the efforts to remedy problems associated with Akzo Nobel paint sold to LP.

40. That attached hereto as Exhibit DD is a true and correct copy of records of a shipment to Akzo Nobel Coatings, Ltd in High Point, North Carolina, of materials sent by Casco Adhesives in 2010.

41.     That attached hereto as Exhibit EE is a true and correct copy of records of a shipment to Akzo Nobel Coatings, Ltd in High Point, North Carolina, of materials sent by Casco Adhesives in 2010.

42.     That attached hereto as Exhibit FF is a true and correct copy of the 2011 Business Corporation North Carolina Annual Report of Akzo Nobel Coatings, Inc.

43.     That attached hereto as Exhibit GG is a true and correct copy of the 2007 Business Corporation North Carolina Annual Report of Akzo Nobel Coatings, Inc.

44.     That attached hereto as Exhibit HH is a true and correct copy of the 2005 Business Corporation North Carolina Annual Report of Akzo Nobel Coatings, Inc.

45.     That attached hereto as Exhibit II is a true and correct copy of a table illustrating the location of third-party witnesses and the nature of the evidence they possess.

46.     That attached hereto as Exhibit JJ is a true and correct copy of the following unpublished cases:

*Energy Transportation Group, Inc. v. William Demant Holding A/S*, No. C.A. 05-422 GMS, Jan. 4, 2008 (D. Del.)

*Schindler Elevator Corp. v. Otis Elevator Co.*, Civ. No. 09-cv-0560 (DMC), March 16, 2010 (D.N.J.)

*Fatboy USA, LLC v. Schat*, No. 1:07CV965, Nov. 6, 2009, (M.D.N.C.)

*Static Control Components, Inc. v. Intersolution Ventures Ltd.*, No. 1:05CV00401, July 17, 2006 (M.D.N.C.)

*Eagle Paper Int'l, Inc., v. Expolink, Ltd.*, Civ. No. 2:07cv160, Jan. 17, 2008 (E.D.Va.)

*NLA Diagnostics, LLC v. Theta Technologies Ltd.*, No. 3:12-cv-00087-GCM, Aug. 3, 2012 (W.D.N.C.)

*Wolff v. Zip.ca, Inc.*, No. 1:09CV92, June 10, 2009 (M.D.N.C.)

8

*Stark Trading and Shepherd Investments Int'l, Ltd. v. Falconbridge Ltd.*, No. 05-C-1167, Jan. 14, 2008 (E.D.Wis.)

## FURTHER YOUR AFFIANT SAYETH NAUGHT.

s/Shawn M. Raiter

Shawn M. Raiter

Subscribed and sworn to before me
this 26th day of November, 2012.

s/Laura C. Burks

Notary Public

1353063

Case 1:12-cv-00625-WO-JLW    Document 36    Filed 11/26/12    Page 9 of 9