# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
LOUISIANA PACIFIC CORPORATION  )
and LOUISIANA-PACIFIC          )
CANADA LTD.,                   )
                               )
        Plaintiffs,            )
                               )
     v.                        )      1:12CV625
                               )
AKZO NOBEL COATINGS, INC.,     )
AKZO NOBEL COATINGS, LTD, and  )
JOHN DOES 1-10,                )
                               )
        Defendants.            )
```

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion to Exchange Exhibit F to Raiter Affidavit with Redacted Version (Docket Entry 48). (See Docket Entry dated Jan. 22, 2013.) For the reasons that follow, the Court will grant the instant Motion.

### BACKGROUND

In connection with Plaintiffs' Memorandum in Opposition to Defendant Akzo Nobel Coatings Ltd's Motion to Dismiss for Lack of Personal Jurisdiction (Docket Entry 33), Plaintiffs filed the Affidavit of Shawn M. Raiter (Docket Entry 36), along with which they filed a number of exhibits under seal (Docket Entry 37). The Court, by Order of the undersigned, directed Plaintiffs to file a motion and supporting brief justifying continued sealing of those exhibits. (See Text Order dated Jan. 12, 2013.) By way of the instant Motion, Plaintiffs assert that, after conferring with counsel for Defendants, the Parties "do not object to lifting the seal on all of the exhibits, but Defendants requested that a redacted version of Exhibit F to the Raiter Affidavit be exchanged

for the currently unredacted version of that document." (Docket Entry 48, ¶ 3.) In support of that request, Plaintiffs offer that "Defendants believe that the unredacted information in Exhibit F is commercially sensitive and involves trade secrets" and that "the public release of this information could harm their competitive standing." (Id., ¶ 4.) Plaintiffs have filed a proposed redacted version of Exhibit F for the Court's review. (See Docket Entry 49-1.)

DISCUSSION

The United States Court of Appeals for the Fourth Circuit has recognized that "there may be instances in which discovery materials should be kept under seal even after they are made part of a dispostiive motion." Rushford v. The New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). However, "[w]hen presented with a request to seal judicial records or documents, a district court must comply with certain substantive and procedural requirements." Virginia Dep't of State Police v. The Washington Post, 386 F.3d 567, 576 (4th Cir. 2004). Procedurally:

> [The district court] must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing. Adherence to this procedure serves to ensure that the decision to seal materials will not be made lightly and that it will be subject to meaningful appellate review.

Id. (internal citation omitted). "As to the substance, the district court first must determine the source of the right of

access with respect to each document, because only then can it accurately weigh the competing interests at stake." Id. (internal citations and quotation marks omitted).

Moreover, the Fourth Circuit has recognized that the legal framework for sealing documents, described above, applies to determine whether a party may file a redacted document, i.e., a document sealed in part. See United States v. Moussaoui, 65 F. App'x 881, 889 (4th Cir. 2003) ("As to those documents subject to a right of access, we must then conduct the appropriate balancing to determine whether the remainder of the document should remain sealed, in whole or in part."). Thus, courts in the Fourth Circuit apply this legal framework for sealing where a party moves to file a redacted document. See, e.g., Silicon Knights, Inc. v. Epic Games, Inc., No. 5:07-CV-275-D, 2011 WL 902256, at *1-3 (E.D.N.C. Mar. 15, 2011) (unpublished) (granting parties' motions to seal documents or portions thereof containing alleged trade secrets); Wolfe v. Green, Civil Action No. 2:08-01023, 2010 WL 5175165, at *2-3 (S.D. W. Va. Dec. 15, 2010) (unpublished) (granting parties' joint motion to redact filings and holding that parties made necessary showing to address both common law and First Amendment rights of access); Bethesda Softworks, LLC v. Interplay Entm't Corp., Civil Action No. DKC 09-2357, 2010 WL 3781660, at *9-10 (D. Md. Sept. 23, 2010) (unpublished) (treating plaintiff's motion to redact transcript as motion to seal).

Initially, the Court observes that its Order requiring Plaintiffs to justify sealing the exhibits at issue has been

publicly docketed since January 12, 2013, thereby "giv[ing] the public notice of a request to seal and a reasonable opportunity to challenge it," Stone v. University of Md. Med. Sys., 855 F.2d 178, 181 (4th Cir. 1988) (discussing use of docketing to comply with procedural requirements for sealing). Any interested party has had the ability to seek intervention to contest any sealing order, but no one has taken such action (see Docket Entries dated Jan. 12, 2013, to present). Accordingly, the Court concludes that, as to the sealing request at issue, the "public notice" prerequisite to entry of a sealing order has been satisfied. See Stone, 855 F.2d at 181.

Next, the Court must determine what, if any, public access right attaches to the material the Parties seek to redact. See Virginia Dep't of State Police, 386 F.3d at 576. The more rigorous First Amendment standard applies to documents related to dispositive motions. See Rushford, 846 F.2d at 252-53 ("Once the documents are made part of a dispositive motion . . . they lose their status of being raw fruits of discovery. . . . We believe that the more rigorous First Amendment standard should also apply to documents filed in connection with a [dispositive motion] in a civil case."). Plaintiffs' exhibit to the affidavit of Shawn M. Raiter thus falls subject to the right of access granted by the First Amendment because of its filing in connection with a motion to dismiss.

Given that conclusion, the Court must balance that First Amendment access right against the competing interests identified. In that regard, the Fourth Circuit has recognized that:

> One exception to the public's right of access is where such access to judicial records could provide a "source[] of business information that might harm a litigant's competitive standing."

<u>Woven Elecs. Corp. v. Advanced Grp., Inc.</u>, Nos. 89-1580, 89-1588, 1991 WL 54118, at *6 (4th Cir. Apr. 15, 1991) (unpublished) (bracket in original) (quoting <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 598 (1978)).  Because the interests identified in the instant matter involve sensitive business information, the balance in this case warrants redaction.  The Court further finds the limited redactions proposed are narrowly tailored to maintain the secrecy of only sensitive business information.

<u>CONCLUSION</u>

The public has had sufficient time to intervene to oppose any sealing of the material in question.  Moreover, Defendants' interest in protecting its sensitive business information overcomes the public's First Amendment right to access that material and the proposed redaction represents a narrowly tailored response to the situation.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Exchange Exhibit F to Raiter Affidavit with Redacted Version is **GRANTED.**

-5-

**IT IS FURTHER ORDERED** that Plaintiffs shall publicly re-file all exhibits to the Raiter Affidavit previously filed under seal, including a redacted version of Exhibit F, by January 30, 2013.

                                                  <u>/s/ L. Patrick Auld</u>
                                                         **L. Patrick Auld**
                                       **United States Magistrate Judge**

January 23, 2013