IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
LOUISIANA-PACIFIC CORPORATION   )
and LOUISIANA-PACIFIC           )
CANADA LTD.,                    )
                                )
           Plaintiff,           )
                                )
     v.                         )       1:12CV625
                                )
AKZO NOBEL COATINGS, INC.,      )
AKZO NOBEL COATINGS, LTD,       )
and JOHN DOES 1-10,             )
                                )
           Defendants.          )
```

**ORDER**

Presently before the court is the Memorandum Opinion and Recommendation ("Recommendation") filed by the Magistrate Judge recommending dismissal of the present case on the grounds of forum non conveniens. (Doc. 59.) Plaintiffs have objected to the Magistrate Judge's Recommendation (Doc. 61), and Defendants have responded to the objections (Doc. 62). Plaintiffs in the present matter are a domestic and a Canadian corporation, Louisiana-Pacific Corporation ("Louisiana-Pacific Corp.") and Louisiana-Pacific Canada Ltd., respectively. Defendants likewise are a domestic and a Canadian corporation, Akzo Nobel Coatings, Inc.

("Akzo Nobel") and Akzo Nobel Coatings, Ltd., respectively.[1] This matter originally came before the Magistrate Judge on Defendants' motion to dismiss for lack of personal jurisdiction (Doc. 24) and for dismissal on the grounds of forum non conveniens (Doc. 26). For the reasons that follow, the Recommendation will be rejected as moot, and this case will be dismissed for want of subject matter jurisdiction.

In the Recommendation, the Magistrate Judge determined that "a review of the record indicates that the real parties in interest here are two Canadian corporations, LP Canada and Akzo Nobel." (Recommendation (Doc. 59) at 5.)[2] Due, in part, to the "real parties in interest" finding, the Magistrate Judge ultimately found that the Middle District was an inconvenient forum and that the case should be brought in Canada.

In light of the Magistrate Judge's "real parties in interest" finding, this court had concerns about its subject matter jurisdiction and ordered further briefing. (See generally Doc. 64.) In its supplemental brief, Plaintiffs disclosed that Louisiana-Pacific Corp. was a Delaware corporation headquartered

---

[1] On August 25, 2014, Plaintiffs voluntarily dismissed Defendant Akzo Nobel Coatings, Ltd. (Doc. 68).

[2] All citations in this Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

- 2 -

Case 1:12-cv-00625-WO-JLW   Document 69   Filed 08/29/14   Page 2 of 5

in Tennessee. (Pls.' Supplemental Br. Resp. to Court (Doc. 66) at 7.) Plaintiffs' complaint had previously identified Akzo Nobel as a Delaware corporation headquartered in Kentucky. (Complaint (Doc. 4) ¶ 10.) Based on the non-diverse domestic corporations, the parties' briefing disclosed that subject matter jurisdiction was lacking. (Defs.' Br. in Resp. to Order (Doc. 65) at 3 ("[D]iversity jurisdiction does not exist because Akzo Nobel Coatings, Inc. was also incorporated in Delaware . . . ."); Pls.' Supplemental Br. (Doc. 66) at 7 ("The Court's directive that the parties analyze subject matter jurisdiction leads Plaintiffs to conclude that the Court does not have jurisdiction because complete diversity is lacking.").) This court agrees.

Title 28, United States Code, Section 1332 confers subject matter jurisdiction over diversity cases (1) when the amount in controversy exceeds $75,000 and (2) when complete diversity of citizenship exists between the parties. Specifically, § 1332(a)(3)'s grant extends to disputes between "citizens of different States and in which citizens or subjects of a foreign state are additional parties." "In order to establish diversity jurisdiction, the parties must be completely diverse; none of the plaintiffs may share citizenship with any of the

defendants." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 440 (4th Cir. 1999). The presence of aliens on both sides of a controversy without diverse U.S. citizens cannot support diversity jurisdiction. See Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 120 (4th Cir. 2004). For purposes of diversity jurisdiction, a corporation is deemed a citizen of both its state of incorporation and the state where it maintains its principal place of business. Hertz Corp. v. Friend, 559 U.S. 77, 87 (2010).

Here, both domestic corporations - Louisiana-Pacific Corp. and Akzo Nobel – are incorporated in Delaware. Therefore, complete diversity is lacking, and this court cannot exercise subject matter jurisdiction under 28 U.S.C. § 1332.[3]

**IT IS THEREFORE ORDERED** that the Recommendation (Doc. 59) is **REJECTED AS MOOT** and this case is **DISMISSED WITHOUT PREJUDICE** for want of subject matter jurisdiction.

---

[3] In so deciding, this court declines to make any findings concerning the "real parties in interest" in the present matter. Moreover, the voluntary dismissal of Defendant Akzo Nobel Coatings, Ltd., has rendered such question moot. Likewise, the voluntary dismissal has rendered moot the question of whether the presence of non-diverse aliens (i.e., aliens from the same country) on both sides of a dispute destroys diversity jurisdiction. See generally Tango Music, LLC v. DeadQuick Music, Inc., 348 F.3d 244, 245 (7th Cir. 2003).

- 4 -

Case 1:12-cv-00625-WO-JLW   Document 69   Filed 08/29/14   Page 4 of 5

**IT IS FURTHER ORDERED** that Defendants' request for leave to file a responsive brief[4] is **DENIED AS MOOT**. (Doc. 67.)

A judgment dismissing this action without prejudice will be entered contemporaneously herewith.

This the 29th day of August, 2014.

/s/ William L. Osteen, Jr.
United States District Judge

---

[4] This court held a telephone conference with local counsel on August 28, 2014, during which time Plaintiffs' counsel advised this court and Defendants' counsel that Plaintiffs had already refiled in North Carolina state court, thereby rendering moot any concern about the requested dismissal language.

- 5 -